**\*\*NOT FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOANNE E. TARRANT, | Civil Action No. 16-7058 (FLW)(LHG) |
| Plaintiff, | **OPINION** |
| v. |  |
| HAMILTON TOWNSHIP SCHOOL DISTRICT, d/b/a HAMILTON TOWNSHIP PUBLIC SCHOOLS, and HAMILTON TOWNSHIP BOARD OF EDUCATION, |  |
| Defendants. |  |

**WOLFSON, United States District Judge**:

Before the Court is the motion of defendants Hamilton Township School District and Hamilton Township Board of Education to dismiss the Complaint of Plaintiff Joanne E. Tarrant for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint raises claims for retaliation and interference under the Family Medical Leave Act ("FMLA") and New Jersey Family Leave Act ("NJ FLA"). Defendant moves to dismiss all claims on the grounds that Plaintiff has failed to plead a *prima facie* case of retaliation and has failed to allege elements of an interference claim. For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss Counts I and II to the extent raised as FMLA and NJ FLA retaliation claims is denied. Defendants' motion to dismiss Counts I and II to the extent raised as FMLA and NJ FLA interference claims is granted.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The facts of this matter, as set forth in Plaintiff's Complaint and taken as true by this Court on the present motion to dismiss, are as follows. Plaintiff holds dual certifications for

1

Elementary Education and Spanish K-12. Complaint ("Compl."), ¶ 19 n. 1. By September 2012, Plaintiff had accumulated a decade of teaching experience and received many professional accolades. *Id.* at ¶ 13. Plaintiff was hired by Defendants as a tenure-track Spanish teacher in September 2012, with the first year of her employment being the school year beginning in September 2012 and ending in June 2013. *Id.* at ¶¶ 12, 13.

Plaintiff was employed by Defendants for approximately four years, from September 2012 to June 2016. *Id.* at ¶ 14. During her first year of employment, Plaintiff taught high-school level Spanish. *Id.* at ¶ 15. After her first year, Plaintiff voluntarily transferred within Defendants' district and taught in the Elementary Spanish Program. *Ibid.* During her employment by Defendants, through mid-March 2016, Plaintiff was rated as a "highly effective" teacher, accrued no disciplinary history, and received three written recommendation letters from multiple of her supervisors, including the principal of the school in which she worked. *Id.* at ¶ 19.

During the spring of 2016, it became known among employees in Defendants' district, including Plaintiff, that Defendants might eliminate the Elementary Spanish Program within which Plaintiff was employed. *Id.* at ¶ 18. On or about March 17, 2016, Thomas J. Ficarra, Defendants' Superintendent, met personally with the staff of the Elementary Spanish Program, including Plaintiff, and assured Plaintiff and her colleagues that they would not lose their overall employment with the district as a result of the elimination of the Elementary Spanish Program, and that anyone interested would be placed in alternative positions upon the program's elimination. *Id.* at ¶ 20.

During this time, in the spring of 2016, Plaintiff was seeking to adopt a child, a process in which notifications of available adoptions are often given with little notice. *Id.* at ¶ 21. Plaintiff received notification of a child available for adoption, and, days afterward, on or about April 1,

2016, informed Defendants' management that she required FMLA and NJ FLA leave in order to commence the adoption after the thirty-day notice period required by those statutes. *Id.* at ¶¶ 21, 22. In April 2016, Plaintiff also began applying for open, available, and to be opened teaching positions in Defendants' district. *Id.* at ¶ 25.

Plaintiff took her FMLA/FLA leave from May 3, 2016, through June 30, 2016. *Id.* at ¶ 23.[1] Defendant Board of Education later retroactively approved Plaintiff's leave at its monthly meeting held on May 25, 2016.[2] *Id.* at ¶ 23 n. 3. In early May, 2016, while Plaintiff was on leave, Plaintiff received a letter from either one or both of Defendants, dated April 28, 2016, stating that as a non-tenured staff member, her employment would "not be recommended for renewal for the 2016-2017 school year" as a result of the district's issues with "declining enrollment and budgetary constraints." *Id.* at ¶ 24. This letter informed Plaintiff that she would not be re-hired by Defendants for the coming school year. *Id.* at ¶¶ 17, 24.

Plaintiff continued to apply for jobs in Defendants' district during her leave in May, and during July and August, after the end of her leave and the end of the 2015-2016 school year. *Id.* at ¶ 25. More than twenty positions of the types to which Plaintiff applied were filled between the date when Plaintiff was informed that she would not be rehired and October 12, 2016, when Plaintiff filed her Complaint. *Id.* at ¶ 26. Plaintiff was not rehired for the 2016-2017 school year,

---

[1] Plaintiff's last physical day of work was on May 2, 2016. Compl., ¶ 23.

[2] The Court notes that the Complaint contains a factual inconsistency about the dates for which Plaintiff's leave was approved. Compl. ¶ 23 states that Plaintiff's leave was approved through June 30, 2016, but Compl. ¶ 23 n. 3 states that the letter provided to Plaintiff dated May 26, 2016, from Defendant Board of Education stated that leave was approved through June 20, 2016. In their motion to dismiss, however, Defendants appear to concede that the June 30, 2016 date is accurate. Defendants' brief in support of their motion is not paginated, but the June 30 date is reflected in Defendants' statement of facts on the second page of the brief. Dkt. No. 6, p. 13.

was not offered any position for which she applied, and was not offered any other position by Defendants. *Id.* at ¶¶ 25, 29.

Incorporating the forgoing, Plaintiff contends that her non-rehiring was discriminatory and retaliatory because (1) prior to requesting FMLA/FLA leave she was assured by Defendants' Superintendent that she would be retained or rehired, but shortly after taking FMLA/FLA leave she was informed by Defendants that she would not be rehired, Compl., ¶ 28(a); (2) multiple of the nine teachers impacted by the elimination of the Elementary Spanish Program were transitioned to other positions, while Plaintiff was not, *id.* at ¶ 28(b); (3) Defendants hired teachers less-qualified than Plaintiff in the six to nine months prior to Plaintiff's non-rehiring, who were not terminated instead of Plaintiff, *id.* at ¶ 28(c); (4) many of the more than twenty teachers whom Defendants hired for positions to which Plaintiff applied in the period after Plaintiff was informed that she would not be rehired were less-qualified for those positions than Plaintiff, *id.* at ¶ 28(d); and (5) on two occasions in June and July of 2016, Defendants refused to allow Plaintiff to interview for open positions via telephone, despite the fact that Defendants had previously permitted other, successful applicants to interview via telephone, *id.* at ¶ 28(e).

On October 12, 2016, Plaintiff filed a Complaint in this Court, alleging that her non-rehiring by Defendants violates the FMLA (Count I) and NJ FLA (Count II). Both Counts of the Complaint allege statutory violations under both retaliation and interference theories of liability. Relying on the forgoing facts, Plaintiff contends that Defendants violated the FMLA and NJ FLA by failing to give her proper notices of her rights, failing to rehire her, and failing to give her an equal and fair interview and hiring consideration process for other positions as a result of her taking FMLA/FLA leave.

In the present motion, Defendants move to dismiss both Counts of the Complaint under both theories of liability. Specifically, Defendants argue that 1) Plaintiff's Count I (FMLA) and Count II (NJ FLA) retaliation claims must be dismissed because Plaintiff has failed to plead a *prima facie* case that her non-rehiring was causally related to her exercise of FMLA/FLA leave; 2) Plaintiff's retaliation claims, to the extent based on Defendants' failure to hire Plaintiff for other positions, must be dismissed for failure to allege facts showing that the other applicants who were hired were in fact "less qualified" than Plaintiff; and (3) Plaintiff's Count I and Count II interference claims must be dismissed for failure to state a claim.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher,* 423 F.3d 347, 351 (3d Cir. 2005). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir. 1997). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684

5

(2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Ibid.* A complaint must do more than allege the plaintiff's entitlement to relief. *Ibid.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly,* 127 S. Ct. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)).

By contrast, "[a] determination whether a *prima facie* case has been made . . . is an evidentiary inquiry—it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination." *Fowler*, 578 F.3d at 213 (citing *Powell v. Ridge,* 189 F.3d 387, 394 (3d Cir. 1999) (overruled on other grounds). In considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), "[e]ven post-*Twombly,* it has been noted that a plaintiff is not required

6

to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation omitted). "Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Id.* (citing *Powell,* 189 F.3d at 394). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)).

III. ANALYSIS

As a threshold matter, the parties agree that the same legal standards and analysis apply to claims brought under the FMLA and NJ FLA. *See Wolpert v. Abbott Labs.*, 817 F. Supp. 2d 424, 437 (D.N.J. 2011) ("Due to the similarity of the statutes, courts apply the same standards and framework to claims under the FMLA and the NJFLA."); *Santosuosso v. NovaCare Rehabilitation*, 462 F. Supp. 2d 590, 596 (D.N.J. 2006) (same). Accordingly, all references in this Opinion to the FMLA apply equally to the NJ FLA, and the Court's holdings apply equally to Plaintiff's FMLA and NJ FLA claims. "Two types of claims can arise under the FMLA, retaliation (29 U.S.C. § 2615(a)(2)) and interference (29 U.S.C. § 2615(a)(1))." *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 245 (3d Cir. 2016). The present motion to dismiss seeks to dismiss both categories of Plaintiff's claims.

A. Retaliation

Plaintiff's FMLA and NJ FLA retaliation claims allege that Defendants retaliated against Plaintiff for her request for and use of FMLA leave in May and June of 2016 by declining to rehire her for the 2016-2017 school year and by failing to fairly consider her for alternative positions to which she applied before, during, and after her FMLA leave. The Third Circuit has observed that "[t]o prevail on a retaliation claim under the FMLA, the plaintiff must prove that

7

(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012). Defendants move to dismiss Plaintiff's retaliation claims on the basis of the third element, arguing that "Plaintiff has not alleged facts sufficient to demonstrate that the [adverse] employment actions were causally related to her exercise of FMLA or FLA leave, or that the employment actions would not have occurred if she had not taken leave." Dkt. No. 6, p. 19.

In reference to Plaintiff's claims based on Defendants' failure to rehire her, Defendants argue that Plaintiff has failed to show causation because the Complaint alleges that (1) Plaintiff was aware as early as March 2016 that the Elementary Spanish Program was confronting elimination, ¶ 20; (2) Plaintiff began applying for alternative positions in April 2016, before taking her FMLA leave, ¶¶ 24, 25; (3) the reasons given for Plaintiff's termination were budgetary constraints and declining enrollment, ¶ 24; and (4) Plaintiff was a non-tenured staff member, ¶ 24. Defendants contend that these alleged facts show that Plaintiff "would not have been retained for the 2016-2017 school year irrespective of her use of leave time" because they demonstrate that Plaintiff was aware prior to taking any FMLA leave that her position might be eliminated and that Defendants indeed did eliminate Plaintiff's position for the non-discriminatory reasons of budgetary constraints and declining enrollment, which are permissible bases for non-retention of a non-tenured teacher under N.J.S.A. 18A-28-9. In reference to Plaintiff's claims for failing to afford her fair consideration for alternative positions, Defendants argue that Plaintiff has failed to allege any facts to show that the applicants that were hired by Defendants were less qualified than Plaintiff. Dkt. No. 6, p. 21.

8

As to both the failure to rehire Plaintiff and the failure to consider Plaintiff for alternative positions, therefore, Defendants make fact-based arguments concerning the sufficiency of Plaintiff's proofs of causation. *See* Dkt. No. 6, p. 18 ("Plaintiff Has Failed To *Demonstrate* That Her Non-Retention Was Causally Related To Her Exercise Of Leave Rights") (emphasis added); p. 21 ("Plaintiff Has Failed To *Demonstrate* That She Was Not Offered Another Position Within The District Because She Exercised Her Leave Rights") (emphasis added). At the pleading stage, however, Plaintiff is not required to *prove* the elements of her *prima facie* case. *Fowler*, 578 F.3d at 213 ("the appropriate threshold question" on a motion to dismiss is whether plaintiff has "*pleaded*" the elements of her claim, not whether she can "prove" a *prima facie* case on his or her claim (emphasis in original)). Indeed, a "'well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly,* 550 U.S. at 556). Accordingly, at the present stage of a motion to dismiss, Plaintiff is only required to plead the element of causation, not establish that she has sufficient proofs to show causation as part of her *prima facie* case. *Id.* ("whether a *prima facie* case has been made, however, is an evidentiary inquiry—it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination.").

Looking to the allegations of the Complaint, Plaintiff clearly *alleges* causation. Compl., ¶ 29 ("Plaintiff was terminated, not retained and not rehired because she exercised her leave rights under the NJ FLA and FMLA."); ¶ 33 (as a result of requesting and taking FMLA protected leave Plaintiff was "not given fair consideration for transition or alternative positions," "was . . . not transitioned," and "was not given equal or fair interview processes."). Specifically, concerning her failure to be rehired, Plaintiff alleges that on March 17, 2016, prior to requesting and taking FMLA leave, she was told that she would not lose her employment as a result of the

9

elimination of the Elementary Spanish Program. Compl., ¶ 20. She alleges that on April 1, 2016, she requested FMLA leave that was subsequently approved. *Id.* at ¶¶ 22, 23 n. 3. She alleges that she began her approved FMLA leave on May 3, 2016. *Id.* at ¶ 23. Finally, she alleges that shortly after beginning her approved FMLA leave, she received a letter from Defendants dated April 28, 2016, indicating that she would not be rehired for the coming 2016-2017 school year. *Id.* at ¶ 24.[3]

Concerning Plaintiff's failure to be hired for an alternative position, Plaintiff alleges that she was told by Defendants' Superintendent in March 2016 that she would be placed in an alternative position upon the elimination of the Elementary Spanish Program if she were interested. Compl., ¶ 20. She alleges that she was qualified and certified to teach elementary school and Spanish. *Id.* at ¶ 19 n. 1. She alleges that she applied for an Elementary Teaching Position for Basic Skills in April 2016, after she requested FMLA leave, for which position she

---

[3] The question of whether Plaintiff has *demonstrated* or *proven* causation is reserved for summary judgment. "To demonstrate a causal connection, a plaintiff generally must show 'either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007)). Although the Third Circuit has been "reluctant to infer a causal connection based on temporal proximity alone," the standard for "unusually suggestive" temporal proximity *at the prima facie stage* is not a high one. *Budhun*, 765 F.3d at 258 (citing *Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001)). The Third Circuit has identified the following examples as constituting sufficiently close temporal proximity to qualify as unusually suggestive timing: deciding to replace the plaintiff during the plaintiff's FMLA leave and informing the plaintiff that she had been replaced two days after her FMLA leave ended; terminating the plaintiff less than a week after the plaintiff invoked her right to FMLA leave; terminating the plaintiff several days after the plaintiff took FMLA leave; and terminating the plaintiff three months after requesting FMLA leave and the day she was scheduled to return to work. *Id.* at 258. Thus, although the Court does not reach the sufficiency of Plaintiff's proofs, her allegations of temporal proximity alone — receiving, within a matter of days after beginning FMLA leave, notice of an adverse employment decision made just five days before her approved leave was to start — appear well within the range that the Third Circuit has found sufficient to establish causation at the *prima facie* stage, which imposes a much higher threshold than the present pleading stage.

was not hired. Compl., ¶ 25. She alleges that she applied for a position Teaching World Language (Spanish) and Elementary Teacher Position in May 2016, during her FMLA leave, for which positions she was not hired. *Ibid.* She alleges that she was denied a phone interview for a position while on FMLA leave in June 2016, despite such interviews having been offered to other successful applicants in the past. *Id.* at ¶ 28(e). Finally, she alleges that other, less-qualified applicants were hired for some of the same positions for which she applied. *Id.* at ¶ 28(d).[4] Taken together, these allegations clearly allege potentially retaliatory actions caused by and taken in close temporal proximity to Plaintiff's protected leave.

Defendants' arguments are the proper preserve of a motion for summary judgment. *Fowler*, 578 F.3d at 213 ("It is axiomatic that the standards for dismissing claims under Fed. R. Civ. P. 12(b)(6) and granting judgment under . . . Fed. R. Civ. P. 56 are vastly different. . . . '[A] motion for summary judgment is reviewed under a much more stringent standard than a motion to dismiss for failure to state a claim.'" (quoting *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 863 n. 17 (3d Cir. 1994)). Only in considering such a motion under Rule 56, would the Court be able to apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), or *Price Waterhouse v. Hopkins,* 490 U.S. 228, 276–77 (1989) (O'Connor, J., concurring), to evaluate Plaintiff's direct or indirect evidence of discrimination, and Defendants' alleged legitimate business reasons for Plaintiff's non-rehiring or proofs that Defendants' hiring decision would have been the same absent Plaintiff's FMLA leave. *Lichtenstein*, 691 F.3d at

---

[4] Defendants argue, incorrectly, that Plaintiff is required to allege at the pleading stage specific facts about the other less-qualified applicants. Such inadequacies of proof, however, are properly challenged on summary judgment, not on the face of the Complaint. *See, e.g., Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 99 (3d Cir. 2016) (discussing when evidence of relevant comparators is required for discrimination claim (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)).

301–02. Here, however, "an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler*, 578 F.3d at 213.[5] Accordingly, Defendants' motion to dismiss Plaintiff's retaliation claims is denied.

  B. Interference

In the Complaint, Plaintiff alleges that she was "not given proper FMLA notices, designations, and forms outlining her rights and responsibilities" and "was denied . . . entitlements . . . as a result of exercising her FMLA entitlements." Compl., ¶ 33. In their motion, Defendants contend that these, and Plaintiff's other allegations are insufficient to state a claim for interference under the FMLA or NJ FLA, because Plaintiff does not allege a denial of benefits and does not allege that Defendants' alleged failure to provide notice gave rise to any prejudice to Plaintiff.

To make a claim of interference under the FMLA, a plaintiff must establish:

(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

---

[5] The Court further notes that Defendants' motion will not be converted to an early motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d), because Defendants have failed to attach any exhibits or certifications to their motion establishing their non-discriminatory conduct in declining to rehire Plaintiff. Instead, Defendants rely upon a certification of counsel that merely restates the allegations of the Complaint along with legal conclusions. Dkt. No. 6, pp. 5-10. This plainly would be inadequate on a motion for summary judgment. For example, Defendants rely upon Compl. ¶ 24 for the proposition that Defendants' actual reasons for not rehiring Plaintiff were "declining enrollment and budgetary constraints." The Complaint, however, merely alleges that those were Defendants' stated reasons for not rehiring Plaintiff in their April 28, 2016 letter. Defendants may not rely on this allegation as evidence of their actual intentions because the Complaint clearly alleges that the actual reason Plaintiff was not rehired was because she exercised her FMLA and NJ FLA leave rights. Compl., ¶ 29.

*Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 155 (3d Cir. 2017) (quoting *Ross*, 755 F.3d at 191–92 (citation omitted)). In other words, "[t]o assert an interference claim, 'the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (citing 29 U.S.C. §§ 2612(a), 2614(a)). "Under this theory, the employee need not show that he was treated differently than others[, and] the employer cannot justify its actions by establishing a legitimate business purpose for its decision." *Id.* at 119-120. "An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Id.* at 120. "Because the FMLA is not about discrimination, a *McDonnell-Douglas* burden-shifting analysis is not required." *Sommer v. The Vanguard Grp.,* 461 F.3d 397, 399 (3d Cir. 2006). Summing up the applicable standard, the Third Circuit Court of Appeals has "made it plain that, for an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld." *Capps*, 847 F.3d at 156 (quoting *Ross*, 755 F.3d at 192).

Additionally, "[t]he FMLA requires employers to provide employees with both general and individual notice about the FMLA." *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 318 (3d Cir. 2014). "Failure to provide the required notice can constitute an interference claim." *Id.* (citing *Conoshenti,* 364 F.3d at 144–145). However, because an employer's failure to properly notify an employee of his or her FMLA rights does not necessarily prevent the employee from enjoying his or her right to leave covered by the FMLA, the Supreme Court has found that a violation by defendants of the notice provisions of the FMLA only gives rise to a claim of interference under the FMLA where "'the employee has been prejudiced by the violation.'" *Lupyan*, 761 F.3d at 318 (quoting *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 82 (2002)). "Prejudice occurs when the employer's failure to advise the plaintiff of her FMLA

rights 'rendered h[er] unable to exercise [the right to leave] in a meaningful way, thereby causing injury.'" *Id.* at 318-19 (quoting *Conoshenti,* 364 F.3d at 143) (additions in original).

In her Complaint, Plaintiff alleges that "Plaintiff timely notified Defendants of her need for FMLA-qualifying leave, took such leave, and was approved for this type of leave." Compl., ¶ 32. Specifically, Plaintiff was approved for and in fact engaged in an FMLA leave from May 3, 2016 to June 30, 2016. *Id.* at ¶¶ 21, 22, 23. Although during this leave, Plaintiff received notice that she would not be rehired for the following school year in her current position, *id.* at ¶ 24, and was rejected in her attempts to secure alternative positions from Defendants for the coming year, *id.* at ¶¶ 25, 26, there are no allegations that Defendants in fact deprived Plaintiff of the leave to which she was entitled. Accordingly, Plaintiff has failed to state a claim for FMLA interference for denial of benefits because no "FMLA benefits were actually withheld." *Capps*, 847 F.3d at 156.[6] Similarly, because the Complaint alleges that Plaintiff was in fact able to "exercise [the right to leave] in a meaningful way," whatever their content, Defendants' alleged unspecified notice violations under the FMLA could not have prejudiced Plaintiff. *Lupyan*, 761 F.3d at 318-

---

[6] In certain places in the Complaint, Plaintiff refers to her retention by Defendants or hiring for alternative positions as "entitlements," *see, e.g.*, Compl., ¶ 33, but the FMLA clearly creates entitlements to qualified *leave* not particular job positions. 29 U.S.C. § 2612(a)(1) ("an eligible employee shall be entitled to . . . leave"). Accepting Plaintiff's expansion of the definition of entitlements to include adverse employment actions as well as denials of benefits would cause § 2615(a)(1) claims for interference to swallow § 2615(a)(2) claims for retaliation. The different standards of proof imposed for such claims by the Supreme Court and the Third Circuit do not permit such a result. *Sommer,* 461 F.3d at 399 (FMLA interference claims are "not about discrimination, [so] a *McDonnell-Douglas* burden-shifting analysis is not required."); *Lichtenstein*, 691 F.3d at 301–02 ("Because FMLA retaliation claims require proof of the employer's retaliatory intent, courts have assessed these claims through the lens of employment discrimination law. Accordingly, claims based on circumstantial evidence have been assessed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), while claims based on direct evidence have been assessed under the mixed-motive framework set forth in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 276–77 (1989) (O'Connor, J., concurring).").

14

19 (quoting *Conoshenti,* 364 F.3d at 143) (additions in original). Defendants' motion to dismiss Counts I and II to the extent raised as FMLA and NJ FLA interference claims, therefore, is granted.

IV. CONCLUSION

      For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss Counts I and II to the extent raised as FMLA and NJ FLA retaliation claims is denied. Defendants' motion to dismiss Counts I and II to the extent raised as FMLA and NJ FLA interference claims is granted.

Dated:     7/14/2017                                   /s/ Freda L. Wolfson
                                                               The Honorable Freda L. Wolfson
                                                               United States District Judge